57 F.3d 1080
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Milton D. GEORGE, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
[1] (NFN) Goosen, Interview Tech.
Person, Defendants-Appellees.
 Nos. 95-3059, 95-3060.
 United States Court of Appeals, Tenth Circuit.
 June 12, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Milton D. George (George), appearing pro se and having been granted leave to proceed in forma pauperis, appeals the district court's Memorandum and Order of January 25, 1995, dismissing his actions.
 
 
 3
 On April 21, 1994, George initiated this action seeking social security benefits based on his 1984 application and damages based on his claim of lost records.
 
 
 4
 Appellee filed a motion to dismiss on July 13, 1994, alleging that George's 1984 application was not lost, it had been reconsidered, and that the Social Security office in Dodge City, Kansas, was then in the process of determining the amount of Disability Benefits to which George is entitled.
 
 
 5
 On September 23, 1994, George filed a second complaint claiming that the records were lost for his 1977 application and that he was entitled to benefits based on that application. This complaint was never served upon the United States Attorney as required by Fed.R.Civ.P. 4(i)(1)(A).
 
 
 6
 On November 16, 1994, appellee filed a motion to consolidate and motion to dismiss on the ground that George's complaints were virtually identical.
 
 
 7
 The district court found that George had received the relief requested in his first complaint regarding benefits under his 1984 application, and noted that George was not entitled to damages on his claim. See Schweiker V. Chilicky, 487 U.S. 412 (1988). The district court dismissed George's second complaint regarding his 1977 application based on his failure to timely respond to appellee's motion to dismiss.
 
 
 8
 We have reviewed the record and the briefs. We affirm substantially for the reasons set forth in the district court's Memorandum and Order of January 25, 1995. (R. Vol. I, Tab 13).
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant-appellant in this action
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470